McDole v. German American Nat'l Bank of Aurora, 204 Ill. App. 21.

*for his own debt.* Where a bank had obtained possession of and was holding certain bonds legally, as collateral security for a note held by the bank, which belonged to a third person who had loaned them to the maker of the note for the purpose of being so pledged, *held* that replevin for such bonds by the owner thereof would not lie without a legal tender of the amount due on the note.

2. APPEAL AND ERROR, § 1414*—*when finding of trial court will not be set aside.* The finding of a trial court upon a controverted question of fact, where the evidence was conflicting, is entitled to the same consideration as the verdict of a jury would be under the same circumstances, and a court of review would not be warranted in setting aside such finding unless it is clearly against the weight of the evidence.

---

## J. R. McDole, Appellee, v. German American National Bank of Aurora, Appellant.

### Gen. No. 6,312.   (Not to be reported in full.)

Appeal from the City Court of Aurora; the Hon. EDWARD M. MANGAN, Judge, presiding. Heard in this court at the April term, 1916. Affirmed. Opinion filed February 10, 1917.

### Statement of the Case.

Action by J. R. McDole, plaintiff, against German American National Bank of Aurora, defendant, to recover the amount of a deposit account in the defendant bank. From a judgment for plaintiff for $96.36 defendant appeals.

The defendant had charged against plaintiff's deposit account the amount of a certain check for $90 drawn in the State of Indiana upon a bank in that State and claimed to have been indorsed by plaintiff in the State of Illinois, which was thereupon cashed by the defendant but was refused payment by the Indiana

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

bank upon which it was drawn when presented there, to which defendant added protest fees in charging same against plaintiff's account.

FRANK G. PLAIN, for appellant.

FRED B. SHEARER, for appellee.

MR. PRESIDING JUSTICE NIEHAUS delivered the opinion of the court.

### Abstract of the Decision.

1. BILLS AND NOTES, § 7*—*what is foreign bill of exchange.* A check drawn in another State upon a bank in that State and indorsed and presented for payment in the State of Illinois is a foreign bill of exchange in the latter State.

2. BILLS AND NOTES, § 289*—*what are requisites for protest for nonpayment of foreign bill of exchange.* Protest for nonpayment of a foreign bill of exchange must be shown and annexed to the bill or a copy thereof and be under the hand and seal of the notary making it in order to hold an indorser on the bill.

3. APPEAL AND ERROR, § 1300*—*when assumed that paper was properly excluded from evidence.* Where a paper excluded from the evidence by the trial court does not appear in a bill of exceptions it must be assumed it was properly excluded.

4. BILLS AND NOTES, § 272*—*what is not accommodation note making notice of protest unnecessary.* A check indorsed for the accommodation of some one else than the indorser is not accommodation paper which would make notice of protest unnecessary.

5. NEW TRIAL, § 69*—*what does not constitute newly-discovered evidence entitling to.* Newly-discovered evidence which, when added to the evidence already in the record, would not show proper proof required by law is not such newly-discovered evidence as would entitle a party to a new trial.